In the Matter of the Accounting of HILDA R. GILMAN, as Administratrix of the Estate of CYRUS RHEIMS, Deceased, as Guardian of ROSLYN FELDMANN, an Infant. HILDA R. GILMAN, as Administratrix of the Estate of CYRUS RHEIMS, Deceased, Respondent; ROSLYN FELDMANN (Former Infant), Appellant.— Decree of the Surrogate's Court of Queens County modified on the law and the facts as follows: (1) by striking from subdivision (2) of the second decretal paragraph the words and figures " One hundred seventy eight ($178.00) Dollars " and " 178.00 ", and inserting in lieu thereof the words and figures " One hundred and fifty-three ($153.00) Dollars " and " 153.00 ", respectively; (2) by striking from subdivision (3) of the second decretal paragraph the words and figures " $2,385.00 as allowed by the Surrogate " and " 2,385.00 ",

and inserting in lieu thereof the words and figures " $1,125.00 hereby allowed for her individual claim, including $125.00 paid to Pratt Institute", and " 1,125.00 ", respectively; and (3) by striking from subdivision (6) of the second decretal paragraph the figures " $4,317.50 " and " 4,317.50 ", and inserting in lieu thereof the figures " $5,602.50 " and " 5,602.50 ", respectively; and by striking from the same subdivision the figures " $1,817.50 " and inserting in lieu thereof the figures " $3,102.50." As so modified the decree is unanimously affirmed, without costs. The recovery by the respondent is limited by the Statute of Limitations to a period of six years before the commencement of the accounting proceeding, in which service of the citation upon the appellant was made on March 21, 1944. Appellant left the home of respondent on July 10, 1942. Thus, the period involved is from March 21, 1938, to July 10, 1942, some 225 weeks. During this period, appellant was away at camp, or on a trip to California for 26 weeks, and later she was employed; and documentary proof shows that her brother advanced her over $1,200. While the respondent claimed only for expenditures, and not for board and lodging, such expenditures, with the exception of $125 paid to Pratt Institute, and $35 advanced by a check used for school supplies, were not established by any documentary evidence. In view of all the circumstances, this court determines that any allowance for general expenditures in excess of $1,000 is contrary to the weight of the evidence, and the amount allowed by the Surrogate is reduced accordingly. The costs as taxed included an item of $25 for drawing, entering and executing the decree. This duty was on the attorney for the accounting administratrix in her official capacity, and the allowance made to the attorney provided adequate compensation for his services. Order denying motion to direct claimant to comply with demand for bill of particulars, or be precluded, unanimously affirmed, without costs. Present — Close, P. J., Carswell, Johnston, Adel and Aldrich, JJ. [See *post*, p. 695.]